83 F.3d 425
 68 Empl. Prac. Dec. P 44,015
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Wallace G. SANFORD, Appellant,
v.
BRIDGESTONE/FIRESTONE, INC., Appellee.
 No. 95-2653MN
 United States Court of Appeals, Eighth Circuit.
 Submitted: March 15, 1996.
Filed: April 30, 1996.
 
 Before FAGG, JOHN R. GIBSON, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bridgestone/Firestone, Inc. (Firestone) employed Wallace G. Sanford as an inside salesperson at Firestone's retail store in Rochester, Minnesota. When Firestone created a new position in wholesale and commercial sales (the outside sales position), the company offered Sanford the position and he accepted it. Firestone later eliminated the outside sales position and terminated Sanford. Sanford then filed this action against Firestone for breach of contract, negligence, and age discrimination under the Minnesota Human Rights Act, see Minn.Stat. § 363.03, subd. 1(2)(b) (1994). The district court granted Firestone summary judgment on all the claims. Sanford appeals only the grant of summary judgment on his age discrimination claim.
 
 
 2
 The district court correctly concluded Sanford did not make a prima facie showing that Firestone terminated him from the outside sales position based on his age. See Feges v. Perkins Restaurants, Inc., 483 N.W.2d 701, 710-11 (Minn.1992) (using framework set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973), for discrimination claim under Minnesota Human Rights Act). Sanford simply asserted he was qualified for the outside sales position and was terminated when he was fifty-one years old. Because it is undisputed that Firestone eliminated the outside sales position when Sanford was terminated, Sanford was required to present some additional evidence showing age was a factor in his termination, but Sanford failed to do so. See Bashara v. Black Hills Corp., 26 F.3d 820, 823 (8th Cir.1994).
 
 
 3
 Also, Sanford did not raise a genuine issue of fact on his contention that Firestone created the outside sales position and transferred Sanford to that position in order to terminate Sanford from his inside sales job. Firestone asserts that the company created the outside sales position to increase sales, offered Sanford the outside position because of Sanford's sales experience, and later eliminated the position because it was unprofitable. Sanford has not presented evidence that would allow a rational jury to conclude Firestone's assertions are simply a pretext for age discrimination. See Lidge-Myrtil v. Deere & Co., 49 F.3d 1308, 1311-12 (8th Cir.1995). Sanford points out that about two months after his termination, Firestone advertised for inside salespeople for the Rochester store, and although Sanford expressed interest in the job openings he was not hired. Firestone's failure to rehire Sanford does not show the company terminated him based on his age, and Sanford has not brought a discriminatory-failure-to-hire claim. Accordingly, summary judgment was proper.
 
 
 4
 Having reviewed Sanford's discrimination claim de novo, we affirm the summary judgment in favor of Firestone.